LAW OFFICES
# DAVID WIKSTROM
950 THIRD AVENUE - 32ND FLOOR
NEW YORK, NEW YORK 10022

E-MAIL: DAVID@DAVIDWIKSTROM.COM
WWW.DAVIDWIKSTROM.COM

FACSIMILE: (212) 248-2866

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/8/20
```

October 7, 2020

The Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

Re: United States v. Bingqin Yang, et al.
18 CR 799 (KMW)

Dear Judge Wood:

I represent Defendant Bingqin Yang in the above-captioned matter. This letter is to request a modification of Mr. Yang's conditions of release, specifically the removal of the home confinement condition that was initially imposed on Mr. Yang on his release. Both Government counsel and Pretrial Services Officer Ashley Cosme inform me that they have objection to the requested modification.

] Granted
 KMW

Mr. Yang was released on May 26, 2020 pursuant to a $150,000 Appearance Bond secured by two financially responsible persons. The original conditions included home confinement with electronic monitoring. Two bail modifications were subsequently approved by the Court: on June 1, 2020 your Honor approved twice-weekly "out times" to permit Mr. Yang to leave home to buy food and other necessities; and on Aug. 11, 2020, your Honor approved Mr. Yang's relocation to the Central District of California. Mr. Yang is currently being supervised in that district and has been in full compliance with his bail conditions, which still include home confinement.

Mr. Yang seeks to remove the home confinement condition of his bail. ■■■ His continuous compliance with his comparatively onerous bail conditions over the past five months likewise

indicate that he is neither a flight risk nor a danger to the community, a view confirmed, I believe, by the lack of objection by both the Government and Pretrial.

The home confinement condition makes his day-to-day life extremely difficult. He cannot work and thus cannot contribute to household costs; he cannot move outside of his residence, cannot shop for food or necessities, cannot go visit his daughter or grandchildren who live in a different area of Los Angeles.

Given his steadfast compliance, it is well-warranted for the Court to infer that Mr. Yang's presence in Court will be sufficiently assured by the Appearance Bond that he, his son-in-law and his ex-wife have all signed. I therefore submit that modifying Mr. Yang's conditions of release to remove electronic monitoring would present the least restrictive conditions that would reasonably assure the appearance of Mr. Yang and the safety of the community.

I have conferred with AUSA Alexandra Rothman and Pretrial Services Officer Ashley Cosme, who have no objection to the requested modification.

Thank you for your consideration.

Respectfully submitted,

David Wikstrom

SO ORDERED: N.Y., N.Y. 10/8/20

_____
KIMBA M. WOOD
U.S.D.J.